UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREATER ENTERPRISES, LLC,

    Plaintiff,

v.

SELECT MARKETING GROUP, LLC,

    Defendants.

2:12-CV-221 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Greater Enterprises, LLC's ("GE") motion seeking leave to amend its complaint to add additional causes of action. (Doc. #13). Defendant Select Marketing Group, LLC ("Select Marketing") has filed an opposition. (Doc. #15).

In recognition of the extreme liberality governing amendments to the pleadings, Select Marketing's three page opposition largely consents to the proposed amendments. Select Marketing does, however, intimate that GE may have unduly delayed seeking the proposed amendments. Furthermore, Select Marketing posits that the proposed cause of action alleging fraud is "functionally identical in its perspective and import to the defendant's counterclaim for fraud in the inducement." Opp. at 2:11-12. Given the alleged similarity of these claims, as well as the fact that GE has already moved to dismiss the counterclaim pursuant to Fed. R. Civ. P 12(b)(6) (see doc. #8), Select Marketing asserts that GE has admitted to the futility of its fraud claim.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal

**James C. Mahan**
**U.S. District Judge**

1  standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178
2  (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue
3  delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
4  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the
5  amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely
6  given.'" *Id.* at 182. In addition to the Rule 15(a) requirements, the local rules of federal practice in
7  the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a
8  motion to amend. LR 15-1(a).

9  The court appreciates Select Marketing's candor in assessing the *Foman* factors and finds
10 that leave should be granted under these circumstances. Given the early phase in these proceedings,
11 the court cannot find that GE unduly delayed seeking leave to amend. Further, accepting Select
12 Marketing's logic regarding GE's purported admission would require this court to hold that Select
13 Marketing's opposition to GE's motion to dismiss serves as an admission that GE's proposed fraud
14 claim is not futile. The better course is to allow both parties to fully brief their respective positions
15 regarding fraud so that the court can rule on the merits.

16 Accordingly,

17 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to file
18 an amended complaint (doc. #13) be, and the same hereby is, GRANTED.

19 IT IS FURTHER ORDERED that the proposed, amended complaint (doc. #13-1) filed
20 pursuant to LR 15-1(a) be detached from the motion and filed.

21 IT IS FURTHER ORDERED that in light of the amended complaint and subsequent
22 responsive pleading, plaintiff's motion to dismiss (doc. #8) be, and the same hereby is, DENIED as
23 moot.

24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that in light of the patent infringement claims included in the amended complaint, and pursuant to General Order No. 2011-03, that this action be referred to the clerk of the court for random reassignment to one of the designated patent pilot program judges for all further proceedings.

DATED May 17, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**